## MAGUIRE INDUSTRIES, Inc. v. UNITED STATES.

### No. 49089.

United States Court of Claims.

Nov. 7, 1949.

Eugene D. Powers, New York City, for plaintiff.

Julian R. Wilheim, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for the defendant.

Before J O N E S, Chief Judge and WHITAKER, MADDEN, HOWELL and LITTLETON, Judges.

WHITAKER, Judge.

Plaintiff sues to recover the sum of $8,-249,481.13, together with interest thereon, which it says is the amount of which it has been unlawfully deprived by the defendant as the result of renegotiation of certain contracts which it had for the furnishing of Thompson .45 caliber submachine guns, familiarly known as the "Tommy Gun," and other items of ordnance.

The case is before us on defendant's plea to the jurisdiction of this court.

On August 7, 1942, plaintiff and the defendant entered into a renegotiation contract which provided for the repayment to the defendant of the sum of $6,000,000, plus an additional sum estimated at $875,000, on account of excess profits received by plaintiff under various contracts with the defendant. The amount to be paid was not a final settlement of the renegotiation pro-

ceedings; the contract provided that the Secretary of War might reopen renegotiation proceedings if the financial result of operations of the plaintiff for the period May 1, 1942, to October 31, 1942, was substantially at variance with the estimates made by the parties for that period.

Later, the Secretary of War determined that the financial operations of the plaintiff for this period were at substantial variance with the estimates, and thereafter plaintiff and defendant had numerous conferences in an effort to agree upon the amount to be refunded. The parties were unable to arrive at an agreement, and, in consequence, the Under Secretary of War on March 26, 1945, notified plaintiff that he had made a unilateral determination of plaintiff's profits' and that plaintiff was due to refund to the defendant the additional sum of $750,-000.

This additional amount the defendant withheld from amounts due plaintiff on certain contracts and on account of a certain tax credit to which plaintiff was entitled.

Plaintiff then filed a petition with the Tax Court of the United States asking for a redetermination of the controversy. The Tax Court decided that it had no jurisdiction and dismissed plaintiff's petition.

Thereafter, on March 28, 1949, plaintiff filed its petition in this court. Subsequent thereto, however, plaintiff perfected an appeal to the United States Court of Appeals for the District of Columbia from the determination of the Tax Court that it had no jurisdiction of the renegotiation proceedings.

Defendant has filed a plea to the jurisdiction of this court alleging that we are without jurisdiction by virtue of the provisions of section 1500 of Title 28 U.S.C.A. 1948 Edition: "The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States."

Plaintiff, on the contrary, says that this section is not applicable to the renegotiation proceedings, now pending in the Circuit Court of Appeals for the District of Columbia, because the Tax Court is not in fact a court, but is an independent agency in the executive branch of the Government.

It is true that the Supreme Court in Old Colony Trust Company et al. v. Commissioner of Internal Revenue, 279 U.S. 716, 49 S.Ct. 499, 502, 73 L.Ed. 918, held that the Board of Tax Appeals, which was the predecessor of the Tax Court, was not a court, but was "an executive or administrative board". Section 504 of the Act of October 21, 1942, 56 Stat. 957, 26 U.S.C.A. § 1100 and note, changed the name of the Board of Tax Appeals to "The Tax Court of the United States", but it provided that: "The jurisdiction, powers, and duties of The Tax Court of the United States * * shall be the same as by existing law provided in the case of the Board of Tax Appeals." That section merely changed the name of the tribunal. It did not change its nature.

■ However, its proceedings are essentially judicial, and proceedings before it for renegotiation of Government contracts are essentially judicial proceedings, and come within the spirit of those proceedings referred to in section 1500 of Title 28 of the United States Code Annotated.

The Under Secretary of War had determined that plaintiff was due to refund to the defendant $750,000 of excess profits, and the Under Secretary of War had withheld this amount of money from sums due plaintiff. Plaintiff's only recourse to recover these funds was by filing a petition with the Tax Court. Its petition in that court was certainly in the nature of a suit against the United States, or against a person acting under the authority of the United States.

■ However, we do not need to decide whether or not such a proceeding before the Tax Court comes within the scope of section 1500 of Title 28 United States Code

Annotated because the proceeding upon which defendant relies in support of its plea is a proceeding pending in the United States Court of Appeals for the District of Columbia, to review the determination of the Tax Court. Such a proceeding in the Court of Appeals for the District of Columbia is certainly a suit against the United States or a person acting under its authority. In Old Colony Trust Co. v. Commissioner, supra, the court held that proceedings in the Court of Appeals, on appeal from a decision of the Board of Tax Appeals in tax cases, was a "case or controversy" within the judicial article of the Constitution, and that in determining such an appeal the Court of Appeals was performing a judicial function. The court says, 279 U.S. on page 724, 49 S.Ct. on page 502: "In the case we have here, there are adverse parties. The United States or its authorized official asserts its right to the payment by a taxpayer of a tax due from him to the government, and the taxpayer is resisting that payment or is seeking to recover what he has already paid as taxes when by law they were not properly due. That makes a case or controversy, and the proper disposition of it is the exercise of judicial power. * * * The subject-matter of the controversy is the amount of the tax claimed to be due or refundable and its validity, and the judgment to be rendered is a judicial judgment."

Whatever may be said, therefore, of the proceedings in the Tax Court, it cannot be denied, we think, that the proceedings in the Court of Appeals for the District of Columbia was a suit against a person "who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States."

If this be true, the action filed in this court is barred by section 1500 of Title 28 United States Code Annotated.

Defendant's plea is sustained, and plaintiff's petition is dismissed.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.