Pleading and practice; petition pending motion for discou-ery; failure to allege unsatisfied application to relevant agency for necessary information. — On June 20, 1980 the court entered the following order:
Louis R. Davis, with whom was Assistant Attorney General Alice Daniel, for defendant.
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
Plaintiff has filed a petition expressly stated to be pursuant to our Rule 36. That rule ("Petition Pending Motion for Discovery”) is meant for a claimant who "cannot state his case with the requisite particularity without an examination of documents or things or other information in the possession of the United States * * *,” and requires the plaintiff to "stat[e] his claim as far as in his power and specifying as definitely as he can the documents or things or other information he requires.” In this instance plaintiff contends that he was improperly separated on February 1, 1977 as a reserve warrant officer (CW 3) for failure to be promoted by two selection boards to CW 4. Since the first (1975) selection board contained no Reserve officers, plaintiff was considered by a "reconstituted” or "relook” board which also failed to select him. Meanwhile the regular 1976 selection board had also considered him without avail. Plaintiff alleges, on information and belief, that both the "relook” board and the ordinary 1976 selection board respectively considered selection folders which indicated that plaintiff had been passed over by the ordinary 1976 board and by the original 1975 selection board (improperly constituted) which was replaced by a "relook” board. Invoking Rule 36, plaintiff states that he needs to be informed whether or not these specific allegations are true and also needs "the precise statistical information developed by defendant pertaining to the chances of an individual, once having been passed over for promotion, being selected by a subsequent selection board.”
Defendant has moved to dismiss on the simple ground that Rule 36 expressly requires, as one of the preconditions of the filing of a special petition under Rule 36, that the claimant "has been unable upon application to obtain a sufficient examination of such [necessary] documents or things or other information.” The motion to dismiss, asserts *712 that there is no allegation of an application to the Department of the Army, or of a denial by the Army of access to the necessary documents or information.[1] In response, plaintiff does not say that he made the required application but he does seek to excuse his failure on the ground that the Army can now make the information available if it wants to, and that a dismissal of the petition at this time would be fruitless and entail extra work and time.
Plaintiff does not appear pro se but by able counsel knowledgeable both in military affairs and in the practices of this court. Since plaintiff left active service on February 1, 1977, there is no real problem of limitations. There is no other reason why the petition had to be filed without full compliance with Rule 36. Also, the petition states specifically, as Rule 36 requires, that it is filed under Rule 36. In these circumstances we think that it should be made clear that Rule 36 is only to be used when allowed by its provisions, that the rule should be enforced according to its terms, and that we should not countenance an obvious failure to satisfy one of the explicit preconditions to the use of Rule 36, i.e. an unsatisfied application to the agency for the information. The petition is plainly defective in this regard.
Accordingly, without oral argument, we grant defendant’s motion to dismiss and dismiss the petition without prejudice to the refiling after the "application” provision of Rule 36 has been satisfied, or to the filing of a regular non-Rule 36 petition. Plaintiffs motions for call, for leave to file out of time a request for an order to submit interrogatories, and for leave to amend the motion for call, are likewise denied without prejudice.
IT IS SO ORDERED.

 Alternatively, defendant asks for a suspension until plaintiff has complied with Rule 36.