Civilian pay; dismissal; probationary employee; claim of retaliatory termination for filing charge of discrimination. — On May 2, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
Plaintiff brings this action for reinstatement and back pay based on his alleged wrongful removal from the Veterans Administration. Defendant filed a motion for summary judgment dismissing plaintiffs claim. Plaintiff has filed no response thereto. On the basis of the pleadings before us and without oral argument, we grant defendant’s motion and dismiss the petition.
Plaintiff was a probationary employee at the Veterans Administration Center in Des Moines, Iowa, from March 17, 1975, until his involuntary dismissal on August 6, 1975. During this period, plaintiff applied for a lateral transfer within the Veterans Administration. Plaintiffs application was rejected and thereafter plaintiff filed an informal complaint with the Equal Employment Opportunity Counselor (EEOC) of the Veterans Administration Hospital in Des Moines, Iowa. In that complaint plaintiff alleged discrimination against him based on race (plaintiff is a Caucasian).
On approximately December 27, 1978, plaintiff filed a complaint in the United States District Court for the *614 Northern District of Illinois against Max Cleland, as Administrator of the Veterans Administration. This complaint recites the facts relating to plaintiffs application for the lateral transfer, its rejection, the EEOC complaint, and plaintiffs involuntary dismissal. In the District Court action, plaintiff concluded that his involuntary dismissal from his Veterans Administration position was an act of reprisal for the complaint plaintiff filed with the EEOC. Plaintiff thereupon requested declaratory relief, punitive damages, and an order that "plaintiff be appointed to the position of Medical Photographer, GS-09, within the agency with back pay, to August 6,1975 * * *.”
On August 13, 1979, the District Court held that plaintiffs complaint had been untimely filed and dismissed the cause of action. Wolfe v. Cleland, No. 78 C 5128 (N.D. Ill., filed August 13, 1979). Plaintiff appealed that decision to the Seventh Circuit, which is still pending (appeal docketed, No. 79-2092, September 12,1979).
Before the Court of Claims, plaintiff alleges his "employment was terminated as an act of retaliation by the Veterans Administration against the plaintiff for having filed a racial discrimination complaint against the Veterans Administration.” This retaliation is averred by plaintiff to be in violation of 5 C.F.R. § 713.261(a).
Defendant’s motion for summary judgment asserts that this court has no jurisdiction to hear this discrimination case, relying on Brown v. General Services Administration, 425 U. S. 820, 829 (1976). Brown held that section 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (1970 ed„ Supp. IV), which permits an aggrieved employee to file a civil action in a federal district court, is the "exclusive judicial remedy for claims of discrimination in federal employment.” 425 U. S. at 835.
We have previously held in Fiorentino v. United States, 221 Ct. Cl. 545, 607 F. 2d 963, 969 (1979), cert. denied, 444 U. S. 1083 (1980), that "[previously] debatable judicial remedies against the United States for racial discrimination in employment, including the Tucker Act, were all repealed by implication by the Equal Employment Act of 1972.”
In light of the above, we hold plaintiffs petition is not properly before this court and should be dismissed.
*615 Defendant alternatively argues that plaintiffs claim should be dismissed under 28 U.S.C. § 1500 (1976), because under Maguire Industries v. United States, 114 Ct. Cl. 687, 86 F. Supp. 905, cert. denied, 340 U.S. 809 (1949), we have no jurisdiction in a case where an appeal is pending challenging the holding of a district court that it had no jurisdiction. However, due to our holding above, we find it unnecessary to rule on this issue.
it is therefore ordered that defendant’s motion for summary judgment is granted and the petition is dismissed.
October 10,1980
on plaintiff’s motion for relief from judgment
This case comes before the court on plaintiffs motion, pursuant to Rule 152(b), seeking relief from judglhent of an order issued by this court on May 2, 1980 (No. 571-79C). That order characterized plaintiffs claim as one seeking relief from a discriminatory termination of employment and thus not within the jurisdiction of the court; accordingly, defendant’s motion to dismiss for lack of jurisdiction was granted and plaintiffs petition was dismissed. In the May 2, 1980, order we noted plaintiff had not responded to defendant’s motion for summary judgment.
Plaintiff thereafter filed under Rule 152(b) his motion for relief from the May 2, 1980, order, alleging he in fact had mailed a response to defendant’s motion for summary judgment which response evidently was lost by the United States Postal Service. By order, on July 3, 1980, we suspended consideration of plaintiffs motion for relief from judgment and allowed plaintiff 30 days to file the waylaid brief (defendant was allowed 20 days to respond thereto). We are now in possession of plaintiffs brief in response to defendant’s motion for summary judgment and defendant’s responding brief.
In his brief plaintiff argues he was improperly removed for, e.g., alleged unsatisfactory work and absence from work *616 without leave. Plaintiff also requests leave to amend his petition.
Assuming for sake of argument that we do have jurisdiction, and even if we allowed plaintiff to amend his petition, plaintiff has not shown why granting him summary judgment or a trial is warranted. We have not been presented with anything which reveals or even infers that plaintiff was improperly discharged (with the exception of the discrimination issue). Indeed, Exhibit II of plaintiffs brief (a memorandum to the Personnel Officer from the Chief of the Medical Illustration Service), asserts that plaintiff had a work attendance problem, was unreliable, has questionable ethics, and has a variety of other problems.
In light of the record before us, plaintiffs removal does not appear to be improper. Without some sort of a showing that plaintiff was improperly discharged, we are unable to grant relief to plaintiff.
accordingly, it is therefore ordered, after consideration of the briefs, but without oral argument, that plaintiffs motion for relief from judgment, filed pursuant to Rule 152(b), is denied; the order dated May 2, 1980, is unchanged.