The plaintiff, John H. Wolfe, has petitioned the court claiming that the Veterans Administration violated procedural regulations in terminating his employment. He seeks reinstatement and back pay. The defendant has moved for summary judgment; plaintiff has submitted no reply. Having reviewed the material before us, and without oral argument, we grant defendant’s motion and dismiss the petition.
The plaintiff worked as a probationary employee at the Veterans Administration center in Des Moines, Iowa, from March 17,1975 until his involuntary dismissal on August 6, 1975. He first petitioned this court for relief in December 1979, alleging this his discharge had been motivated by racial discrimination. Ct. Cl. No. 571-79C. That petition *792 was dismissed, in an order entered May 2, 1980, 224 Ct.Cl. 613, because we lacked jurisdiction over claims of discrimination. A similar claim is now pending before the Seventh Circuit in Wolfe v. Cleland, No. 79-2092 (appeal docketed September 13, 1979). Plaintiff then sought relief from this court’s judgment of May 2, 1980, and permission to amend his petition so that it could encompass allegations that his discharge was improper quite apart from the discrimination. The court decided against plaintiff, holding that, even assuming we had jurisdiction over such an amended petition, plaintiff had presented no reasons why he should prevail on the merits. The court said: "[w]e have not been presented with anything which reveals or even infers that plaintiff was improperly discharged (with the exception of the discrimination issue). Indeed, Exhibit II of plaintiffs brief (a memorandum to the Personnel Officer from the Chief of the Medical Illustration Service), asserts that plaintiff had a work attendance problem, was unreliable, has questionable ethics, and has a variety of other problems.” Ct. Cl. No. 571-79C, order entered October 10, 1980, 224 Ct.Cl. at 615.
The plaintiff has now filed a new and separate petition asserting various failures of the Veterans Administration to follow, with respect to the very same removal, regulations governing probationary employees. Again, assuming that we have jurisdiction and that the entire claim is not barred by our former adjudication,[1] plaintiff cannot prevail on the merits.
One of the regulations, at 5 C.F.R. §315.804 (1975), provides that to terminate a probationary employee because of inadequate work performance or conduct, the employing agency must notify the employee in writing as to when and why he is being separated. The specific requirement is that "[t]he information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency’s conclusions as to the inadequacies of his performance or conduct.” The plaintiff charges that the Veterans Administration failed to state its conclusions with *793 the necessary specificity. In his notice of discharge, the plaintiff was given the following explanation:
"Since May 1,1975, you have not been on duty for 28% of duty time, including periods of absence without official leave.
Your quality and quantity of work is unsatisfactory.”
This conclusory explanation meets the very minimal requirements of the regulation, and the agency’s action must therefore be upheld. E.g. Dargo v. United States, 176 Ct. Cl. 1193, 1205 (1966), Perlongo v. United States, 215 Ct. Cl. 982, 983 (1977), cert. denied, 436 U.S. 944 (1978).
The plaintiff also claims that the agency failed to follow two other directives requiring it to give the probationary employee, in essence, a "full and fair trial” on the job— including assisting him while determining his suitability. See 5 C.F.R. § 315.803 (1975) and Federal Personnel Manual, chpt. 315, subchpt. 8, ¶¶ 8-a(lM4) (as amended April 25, 1975). There is, however, no evidence at all in this record to substantiate the allegation that the agency did not give the plaintiff a fair chance to succeed.[2] In addition, to the extent that this claim is based on the argument that the charges made by management against the plaintiff were false, we note that the issue of the sound basis for his discharge (apart from the discrimination issue) has already been litigated and determined adversely to him in this court’s order of October 10, 1980, supra. Under the doctrine of collateral estoppel, the plaintiff is barred from relitigating those facts here. See, e.g., Considine v. United States, 227 Ct. Cl. 77, 84, 645 F.2d 925, 928 (1981), cert. denied, October 4, 1982.
On the record before us, we find no violations of the procedural regulations under which the plaintiff was employed and discharged as a probationary employee.
Accordingly, it is ordered that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.

 Defendant argues otherwise on both issues, citing 28 U.S.C. § 1500 on jurisdiction, and our orders in Ct. Cl. No. 571-79C.

 It was plaintiffs obligation, after defendant filed its motion for summary judgment asserting (among other things) that there was no violation of plaintiffs rights as a probationary employee, to support the bare allegation in his petition. However, plaintiff has filed no response to the Government’s motion.