This case comes to us on defendant’s motion to dismiss plaintiffs’ petition under Rule 36. Rule 36 is designed to help a person who has a claim, but who cannot without court-ordered discovery "state his case with the requisite particularity” demanded by Rule 35 in a normal petition.[1] *787 Because of the inefficiency of this procedure, it is to be used only when necessary. Consequently, a Rule 36 petition must contain three elements: the petition must expressly specify Rule 36, the plaintiff must have made application for and been unsuccessful in obtaining the documents he requires, and, most important, the plaintiff must be unable to comply with Rule 35 without such discovery. See Jenkins v. United States, 224 Ct.Cl. 710 (1980). Defendant alleges that plaintiffs have failed to comply with the last requirement, and points to plaintiffs’ discovery requests to demonstrate that no facts bearing on particularity are unknown to plaintiffs.[2] We find for defendant.
Plaintiffs, a corporation and its officers, do contract cleaning work for the General Services Administration (GSA). They were suspended from all Government contracts because GSA alleged — and the president of the firm admitted — that the company falsified its man-hour reports to GSA. Plaintiffs justified this deliberate falsification by their interpretation of the contract and the law, that the contract was fixed-price so that the number of hours worked was irrelevant as long as the job was performed satisfactorily. However, the GSA Board of Contract Appeals (board) rejected plaintiffs’ position and continued the suspensions.
In this court, plaintiffs seek to reverse the board and to end the suspension, but the basis argued for our doing so is confused, to say the least. The petition alleges breach of contract and consequential damages, but the brief argues administrative error and denial of constitutional procedural due process, based on an alleged failure of GSA to inform plaintiffs of the reasons for the suspension. Be that as it may, the issue as it is framed here is not breach of contract or damages or administrative error or denial of due process, but compliance with Rule 36, an issue which unfortunately plaintiffs never squarely address.[3]
*788 It is, however, abundantly clear that plaintiffs are in a position now, based on information they possess, to frame a specific and clear complaint, based on a clear legal theory,[4] which would state the errors of the board or of the GSA and show us how and why we might find against either one, if appropriate. Plaintiffs’ basic objection seems to be that GSA did not give them adequate notice of the foundation of the charges against them. This sort of objection obviously does not require detailed discovery. Under Rule 35, plaintiffs basically need to allege clearly the circumstances of the suspension and the legal principles violated under those facts. These are things the plaintiffs know as well as the defendant, if not better. Plaintiffs therefore do not meet the prerequisite to Rule 36 that they need information which is unavailable to them.
This conclusion is also reached by examining the actual requests for admissions submitted by plaintiffs. Without exception, they would require the Government simply to confirm the existence and content of letters and contracts, already in plaintiffs’ hands, or would require Government acquiescence in plaintiffs’ interpretations and conclusions of law regarding those letters and contracts.
Plaintiffs even describe their requests as "material matters of fact as to which * * * there is no substantial controversy between the parties.” There is no need for the facts alleged in a petition to be undisputed; that is summary judgment. Plaintiffs apparently have the notion that our rules require nothing to be pleaded that is in dispute, but that is patently incorrect.
In fact, the requests for admission are not really discovery at all, but constitute a brief, chopped up into 30 numbered paragraphs, to which plaintiffs demand the Government’s agreement. Almost every request refers to part of a document or to a legal conclusion, just as one would normally quote documents and reach conclusions in *789 a brief. And of course this betrays the fact that plaintiffs have in their possession all of the requested information and simply seek confirmation.
The Government suggests that the form of this petition is simply a ruse to avoid severe jurisdictional and procedural problems with the type of claim that plaintiffs really wish to assert. We will not engage in such speculation, but we do hold that plaintiffs’ submissions entirely fail to comply with Rule 36. We dismiss the petition without prejudice to a new petition which sets out clearly, as required by Rule 35, a precise statement of plaintiffs’ claims, a clear and concise statement, as plaintiffs know them, of the facts upon which their claims are based, the precise basis of this court’s jurisdiction, and a demand for the relief which matches the claims and jurisdictional basis and which is at least arguably within our power to grant. Rule 36 is not to be used by plaintiffs to cast the burden of defining the issues entirely upon the Government or upon the court.
In view of this resolution of the case, we do not reach the question of the standing of the plaintiff corporation’s officers. We would hope, however, that if and when this case is resubmitted plaintiffs have a better answer to Rule 61(a) and Algonac Manufacturing Co. v. United States, 192 Ct. Cl. 649, 662, 428 F.2d 1241, 1249 (1970), than that "[n]o one is harmed by his [i.e., the corporation’s president’s] retention” as a party.
it is therefore ordered that defendant’s motion to dismiss is granted and the petition is dismissed.
On January 28, 1982 plaintiff filed a petition docketed No. 49-82C.

 The relevant portion of Rule 36 reads:
"When the plaintiff cannot state his case with the requisite particularity without an examination of documents or things or other information in the possession of the United States, and he has been unable upon application to obtain a sufficient examination of such documents or things or other information, he may file a petition in conformity with Rule 21(c), stating his claim as far as is in his power and specifying *787 as definitely as he can the documents or things or other information he requires. Such a petition shall state specifically that it is filed under this Rule 36. * * * ”

 That is, unknown as opposed to correctly known: as long as a plaintiff in good faith believes that certain facts exist, he can base a specific petition on them, regardless of whether in the final analysis the facts are actually as the plaintiff believes them to be.

 Plaintiffs make an argument based on Rule 102(b)(2), asserting that plaintiffs have not failed to prosecute their claims and therefore should not be dismissed. However, plaintiffs ignore the other part of Rule 102(b)(2), which states that a *788 petition may be dismissed for "failure * * * to comply with these rules.” Failure to comply with Rule 36 therefore requires dismissal, as much as does failure to prosecute.

 It is not necessary that it be a legal theory upon which this court can grant relief. The whole point of pleadings is to sharpen such issues, and we insist on strict compliance with Rule 36 to cut to the absolute minimum the number of cases which reach this court in such a vague and confused setting.