per curiam:
Plaintiff filed this petition under Rule 36 one day before the expiration of the limitations period on his claim. Plaintiff was separated from the Air Force Reserve because he was twice passed over for promotion, and he alleges that the second selection board, convened October 7, 1974, was illegally constituted because its membership did not include an appropriate number of Reserve officers, In Stewart v. United States, 222 Ct. Cl. 42, 611 F.2d 1356 (1979), we held that a separation pursuant to such an illegally constituted board is invalid.
Defendant moves to dismiss the petition for failure to comply with Rule 36. A Rule 36 petition must expressly specify Rule 36, it must contain an allegation that plaintiff made application for and was unsuccessful in obtaining needed documents, and plaintiff must be unable, without discovery from the Government, to comply with the normal (Rule 35) requirements for a petition. Miracle Contractors, Inc. v. United States, ante at 786, Jenkins v. United States, *845 224 Ct.Cl. 710 (1980). In addition, Rule 36 requires that appropriate discovery motions must be filed within 30 days of the filing of the petition under Rule 36. Defendant claims that plaintiff failed to allege the Government’s refusal to provide needed documents and failed to commence appropriate discovery within 30 days. Plaintiff opposes the motion by offering reasons for these omissions and by seeking leave to amend its petition out of time by striking that part of the petition which refers to Rule 36 and submitting it under Rule 35.
Defendant is of course correct that failure to comply with the requirements of Rule 36 renders a petition subject to dismissal. Miracle Contractors, Inc. v. United States, supra; Jenkins v. United States, supra. Defendant is also correct that plaintiff inexcusably failed to show the unavailability of documents or to commence discovery in a timely fashion. By far the most serious defect in the petition under Rule 36, however, is its complete inappropriateness: the fact that plaintiff is able simply to strike the title and a paragraph of the Rule 36 petition and be left with a valid Rule 35 petition demonstrates that there was no need for the Rule 36 procedure in the first place. See Miracle Contractors, Inc. v. United States, supra. We view with considerable disfavor plaintiffs sitting on his claim for so long, at the last moment filing a claim without sufficient research to state it fully, and using Rule 36 to circumvent the requirements of Rule 35.
Nevertheless, we are faced with the situation in this case of a plaintiff alleging a possibly valid claim who would be left without any remedy were we to dismiss the petition. Rule 102(b) permits but does not require dismissal for failure to comply with court rules, and Rule 39(a) states a liberal rule for amendment of petitions when justice so requires. In the circumstances of this case, we allow emendation of the petition.
In doing so, however, it should be noted that Miracle Contractors, Inc. v. United States, supra, and Jenkins v. United States, supra, both of which dismissed the offending petitions, represent the general rule in cases of this nature and we depart from that rule based narrowly on the factors here involved. First, we are generally reluctant to leave *846 plaintiffs who have timely filed a claim in this court entirely without a remedy. Second, plaintiffs claim is not frivolous and the use of Rule 36, while sloppy, was not a device for avoiding serious substantive or jurisdictional (i.e., dispositive) defects. Indeed, plaintiff used Rule 36 in one proper way: to avoid a limitations bar on a valid claim. Third, and most important, there is no prejudice to the Government resulting from emendation of the petition. The changes are minor and the substantive basis of the cause of action was clear from the start. It is, after all, as much the Government’s as the court’s goal to do justice, and justice requires that in this case plaintiff be permitted his day in court.
it is therefore ordered that plaintiffs motion for leave to amend the petition out of time is hereby granted and that defendant’s motion to dismiss is denied.