Plaintiff, a government contractor, asserts that its contract was erroneously terminated for default and that the Government first reprocured and is now erroneously assessing against plaintiff the alleged excess costs of procurement in the amount of $104,608.84. The petition filed here, on July 13, 1981, states that it is filed pursuant to Rule 36 and that plaintiff is attempting to obtain further records and information so that it may amend the petition pursuant to Rule 36.
Defendant moves to dismiss the petition for failure to comply with Rule 36 in that (1) the petition does not allege that plaintiff applied to the Government for the necessary information and was refused, and (2) plaintiff has failed to initiate timely discovery. The motion relies on Daehn v. United States, 225 Ct. Cl. 652 (1980); Jenkins v. United States, 224 Ct. Cl. 710 (1980); and Miracle Contractors, Inc. *848 v. United States, 229 Ct. Cl. 786 (1982), all involving petitions filed under Rule 36 but which were dismissed for failing to satisfy the requirements of that rule.
Defendant is right that the petition is too summary and fails to comply with Rule 36. But we do not agree that the result must inexorably be dismissal of the petition. In two of the three cases defendant cites dismissal of the petition would still permit those plaintiffs to file again within the limitations period.[1] Here, on the other hand, plaintiff would be completely barred if we now dismissed his petition for procedural defects. According to plaintiff, the contracting officer’s decision was rendered on July 16, 1980, and the petition was filed in this court on July 13, 1981, three days less than the year allowed by the Contract Disputes Act for a "direct access” suit in this court. See Gregory Lumber Co. v. United States, 229 Ct. Cl. 762 (1982). It would surely be a disproportionate penalty to exclude plaintiff from all legal remedy by dismissing his petition in these circumstances where any subsequent petition would plainly be too late, no matter how complete.[2]
Plaintiff asks that this case be consolidated with other cases (apparently comparable but separate) now pending before the Armed Services Board of Contract Appeals, but we cannot take that course, at least until we know more about those other cases and their relationship to this one. Plaintiffs statements, up to now, are far too sketchy and general.
The most we should do at this time is to permit plaintiff to amend its petition to state its claim more clearly and more in detail, and to comply, to the extent necessary, with Rule 36 if it still needs to do so. Accordingly, we deny defendant’s motion to dismiss at this time and grant plaintiff thirty (30) days from this date to file its amended petition.
Plaintiff filed its amended petition on April 27,1982.

 In Daehn that claimant abandoned the claim both expressly and by long-continued inaction.

 It is too late for plaintiff to appeal to the Armed Services Board of Contract Appeals.