In August 1981, the plaintiff filed its petition under Rule 36 and, in September, filed the required motion for production of documents. Ct. Cl. R. 36. The defendant has moved to dismiss on the grounds that the plaintiffs petition is not a proper Rule 36 petition and that, under 28 U.S.C. §1500 (1976), the court lacks jurisdiction because of a pending suit in the United States Court of Appeals for the Tenth Circuit. We agree that the petition is improper under Rule 36. We do not dismiss it, however, but treat it instead as a Rule 35 petition. We defer consideration of the section 1500 issue.
I
In early 1980, the plaintiff submitted a bid to the Housing Authority of the Prairie Band of the Potawatomi Tribe of Indians on two construction projects. The plaintiff claims that the Housing Authority preferred its bid, but that, because of arbitrary arid capricious actions by the Depart *871 ment of Housing and Urban Development (”HUD”), the Housing Authority tentatively selected a competitor. The contract, however, was never signed.
In September 1980, the plaintiff sued HUD, a Department official, its competitor and the competitor’s management in the United States District Court for the District of Kansas, to enjoin the award of the contract to the competitor. In May 1981, the court granted the defendants’ motion to dismiss the complaint on the grounds that the plaintiff lacked standing and that the case was moot. Roberson Lumber Co. v. Department of Housing & Urban Development, No. 80-4258 (D. Kan. May 28, 1981). The case is now on appeal to the Tenth Circuit. Id., appeal docketed, No. 81-1727 (10th Cir. Sept. 2, 1981).
II
Rule 36 provides that when
the plaintiff cannot state his case with the requisite particularity without an examination of documents or things or other information in the possession of the United States, . . .he may file a petition. . . stating his claim as far as is in his power and specifying as definitely as he can the documents or things or other information he requires.
The rule further requires that, within 30 days after filing the petition, the plaintiff must move for expedited discovery and, if the motion is granted, may file an amended petition within 30 days after receiving the additional material.
"[A] Rule 36 petition must contain three elements: the petition must expressly specify Rule 36, the plaintiff must have made application for and been unsuccessful in obtaining the documents he requires, and, most important, the plaintiff must be unable to comply with Rule 35 without such discovery.” Miracle Contractors, Inc. v. United States, 229 Ct. Cl. 786, 787 (1982). The government contends that the petition is defective under Rule 36 because the plaintiff can state its claim with particularity, and that the plaintiff is trying to use the expedited discovery provided by this rule to advance its suit in Kansas.
Rule 36 can be used only when it is necessary, i.e., when the plaintiff cannot comply with Rule 35 without expedited *872 discovery. Miracle Contractors, supra; Jenkins v. United States, 224 Ct. Cl. 710 (1980). Rule 33(b)(3) provides: "[T]he circumstances constituting. . arbitrary, capricious or erroneous action shall be stated with particularity.” Ct. Cl. R. 33(b)(3). Rule 33(b)(3) requires that a plaintiff state facts supporting allegations of arbitrary and capricious conduct. Conclusions and generalizations of arbitrary and capricious action are not sufficient. Charley v. United States, 208 Ct. Cl. 457, 465 (1975); Keco Industries, Inc. v. United States, 203 Ct. Cl. 566, 579-81, 492 F.2d 1200, 1207-08 (1974); Greenway v. United States, 163 Ct. Cl. 72, 82 (1963); Harrington v. United States, 161 Ct. Cl. 432, 441 (1963); Mayer v. United States, 145 Ct. Cl. 181, 185 (1959). When, however, "there is enough alleged to warrant a trial 'for the development of the full facts,’” the petition is sufficient. Greenway, 163 Ct. Cl. at 83 (citation omitted).
The plaintiff has alleged several specific instances of arbitrary and capricious conduct. The petition states that the competitor’s bid was preferred despite its failure to "include all information required in paragraph 6.5 of the Indian Housing Handbook” and despite the fact that it failed to meet several specifications and conditions relating to elevation, sewage facilities, setbacks, and roofs. It states also that, in comparing the bids, HUD made improper cost adjustments for a lagoon and for additional living space. These allegations are specific enough to define the issues at trial and to allow the plaintiff to await normal discovery procedures and, accordingly, are sufficient under Rule 33(b)(3). Therefore, the petition does not meet the requirements of Rule 36.
In Miracle Contractors and Jenkins, supra, we held that dismissal was proper when a petition failed to qualify under Rule 36. The plaintiff, however, claims dismissal would be a waste of resources and asks us "to deem Plaintiffs Petition to be a 'non-Rule 36 Petition’” if the petition is improper under Rule 36. The petitions we dismissed in Miracle Contractors and Jenkins failed to comply with both Rule 36 and Rule 35. This petition, however, complies with Rule 35. The government does riot object to our treating this as a Rule 35 petition and, accordingly, we do so.
*873 III
The government has moved also for dismissal under section 1500. That section states that we have no jurisdiction " of any claim for or in respect to which the plaintiff. . .has pending in any other court any suit. . .against the United States” or against any person acting under the authority of the United States. The government argues that because the plaintiff is proceeding against it in the Court of Appeals for the Tenth Circuit, section 1500 bars us from entertaining this suit. Although we have held that an appeal in the court of appeals is a suit "pending in any other court” under section 1500, Maguire Industries, Inc. v. United States, 114 Ct. Cl. 687, 86 F. Supp. 905 (1949), cert. denied, 340 U.S. 809 (1950), we conclude that we should defer action on this branch of the government’s motion to dismiss until the court of appeals has decided the plaintiffs appeal from the dismissal of its district court suit.
If the plaintiff loses its appeal, its suit will be over in Kansas and section 1500 will not bar our jurisdiction. If it wins and the case is returned to the district court, that will be time enough to decide the section 1500 issue. It would be a waste of judicial resources for us to decide that issue now, since if the Tenth Circuit affirms, the issue will be moot and if we had dismissed the case, the plaintiff then could reassert its claim here.
CONCLUSION
The plaintiffs petition will be treated as a Rule 35 petition. The motion to dismiss for failure to comply with Rule 36 is denied.
Decision of the defendant’s motion to dismiss the petition on the basis of section 1500 is deferred until the decision of the Tenth Circuit on the plaintiffs appeal there, and further proceedings in this case are suspended until then. The defendant’s counsel shall inform the court promptly of that decision.