Charles Robert BOWMAN, Ralph E. Burwell, Kenneth F. Palmer

v.

The UNITED STATES.

Nos. 393–82C, 394–82C and 395–82C.

United States Claims Court.

Nov. 4, 1982.

David W. Rees, Pittsburgh, Pa., for plaintiffs.

M. Susan Burnett, with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

LYDON, Judge:

These consolidated actions are before the court on each plaintiff's "Motion For Production Of Documents And Things And Entry Upon Land For Inspection And Other Purposes," (motion for discovery) filed in conjunction with each plaintiff's Rule 36 petition, and defendant's motions to dismiss the petitions and oppositions to said motions for discovery. All of these petitions and motions were filed in the United States Court of Claims prior to October 1, 1982, the effective date of the establishment of the United States Claims Court under the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25. New Rules of Procedure were adopted by the Claims Court by General Order No. 3 on October 7, 1982, effective October 1, 1982.

█ Rule 36 (now Rule 27) permitted a person who had a claim, but who could not without court-ordered discovery state his action with the "requisite particularity" demanded by Rule 35 (now Rule 8 and 10) in a normal petition, to file a petition pending motion for discovery (denoted a preliminary petition under Rule 27). It was expected that one through discovery would obtain information sufficient to enable him to file an amended petition stating a claim with "requisite particularity." To proceed under Rule 36, a plaintiff must comply strictly with the preconditions set forth in said Rule. *Jenkins v. United States,* 224 Ct.Cl. 710, 711–12, 650 F.2d 288 (1980). Defendant does not contend that plaintiffs have failed to satisfy any of the preconditions necessary for proceeding under Rule 36. Instead, defendant asserts that as to each plaintiff, "the theory of plaintiff's simple and straight-forward claim is apparent on the face of the petition." Defendant's position in this regard is well taken. It has

been recognized that a Rule 36 procedure is inefficient and accordingly it is authorized for use only when absolutely necessary. *See Miracle Contractors, Inc. v. United States,* Ct.Cl. No. 379–81C (order entered Jan. 19, 1982). This same observation is equally applicable to Rule 27. Plaintiffs have failed to show that it is absolutely necessary for them to proceed under Rule 36 or Rule 27.

Plaintiffs are civilian employees of the Department of the Army, Corps of Engineers, Pittsburgh District (Corps of Engineers). Their petitions, filed on August 9, 1982, seek to recover overtime compensation under 5 U.S.C. § 5544 (1976) based on said employment. In their petitions, each plaintiff alleges that, during and throughout the 6 years preceding the filing of his complaint, he worked in, on and around boats owned and/or used by the Corps of Engineers. Plaintiffs claim that during the course of their employment they were required to remain on the boats at various times even when not performing work normally incident to their employment but were not compensated for such time which was given to defendant. Such times as plaintiffs were confined to the boats benefited defendant, plaintiffs allege, by saving defendant from having to pay travel time, by eliminating the disruption of defendant's river operations by avoiding the necessity of finding a spot on the river bank to take on and discharge employees, and in other ways. As a result of being confined to the boats, plaintiffs were prevented from doing what they wanted, from going where they wanted, were subjected to confinement in an area with an extremely high and physically uncomfortable noise level, and were burdened in other ways as well.

It is concluded that the allegations of the petitions filed by plaintiffs are sufficient to state a claim for overtime compensation with "requisite particularity" under either old Rule 36 or the existing Rule 27. Defendant has no trouble in recognizing the nature and theory of plaintiffs' claims and makes no contention or assertion that it will be unable to defend against said claims

because of vagueness or lack of "requisite particularity."

In support of their Rule 36 petitions, plaintiffs seek discovery of certain log books maintained by the Corps of Engineers relative to operation of certain boats, identified as M/V Chartiers, Monallo and "derrick boat," published job schedules, payroll records and personnel files with rates of pay. This documentation does not seem related to the ability of plaintiffs to assert their claims with "requisite particularity" but seems more germane to the establishment of the quantum plaintiffs would be entitled to if liability is determined in their favor. Plaintiffs agree with this observation as will be noted *infra*.

■ Plaintiffs in their reply briefs argue that they are unable to state the "amounts claimed" as required by Rule 35 without such documentation. As a result, they contend, they must utilize the Rule 36 procedure in order to comply with Rule 35.[1] No such language requirement appears in the present pleading rules. *See* Rules 8(a) and 10(b). Accordingly, applying the rules presently governing pleadings in this court, it is not necessary for plaintiffs to state the amounts claimed in their petition in order to have viable complaints. It is my opinion that application of pleading Rules 8 and 10 of the existing Rules of this court, which were adopted after plaintiffs' petitions were filed in the Court of Claims under that court's Rules, will not work an injustice or be prejudicial to plaintiffs. *See* Rule 1(a)(1). *See United States v. Ascher*, 41 F.Supp. 895, 897 (S.D.Cal.1941).

Since plaintiffs do not need such documentation to assert viable claims under existing Rules 8 and 10 of this court, no basis for their present motions for discovery exists. Plaintiffs, however, are free to seek discovery under other Rules. In this regard, plaintiffs are encouraged to make efforts to obtain inspection and production on a voluntary basis and seek court assistance only as a last resort. It is expected that defendant will cooperate fully with any voluntary discovery request.

Defendant has moved to dismiss plaintiffs' petitions on the ground that the filing of the Rule 36 petitions in these cases was improper. It does, however, concede that plaintiffs' petitions, as filed, clearly present the theory and basis of plaintiffs' claims, and advises it would not object to a court order deeming plaintiffs' petition to have been filed pursuant to Rule 35. It is not unreasonable to conclude that defendant likewise would not object to deeming plaintiffs' petitions to be covered by existing pleading Rules 8 and 10. It is to be noted that these cases are still in the pleading stage and thus it is not improper in these cases to have the petitions filed before October 1, 1982, covered by Rules which became effective after October 1, 1982. *See Thermex Co. v. Lawson*, 25 F.Supp. 414 (D.C.Ill.1938). Granting defendant's motion to dismiss under existing circumstances is not considered appropriate or justified.

Giving due consideration to the briefs filed by the parties and to provide for a "just, speedy and inexpensive determination" of these actions (Rule 1(a)):

IT IS ORDERED that:

(a) plaintiffs' petitions are deemed complaints which state claims with "requisite particularity;"

(b) plaintiffs' motions for discovery are denied without prejudice and defendant's motions to dismiss are denied without prejudice;

(c) defendant's answer to the consolidated complaints be filed on or before December 6, 1982; and

(d) the parties engage in voluntary discovery and that defendant specifically make available to plaintiffs' counsel or a representative properly designated by him to act

---

1. The prior practice of the Court of Claims generally was not to find a Rule 35 petition lacking in specificity or "requisite particularity" or otherwise defective merely because the petition failed to set forth an amount claimed and research has failed to uncover any case where the Court of Claims ordered a petition dismissed or amended because of the absence of a stated "amount claimed."

on his behalf for inspection and copying at times convenient to all concerned the documentation mentioned above and more fully identified in the discovery motions herein denied.